IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOT GORNALL, | ) | Case No.  1:18cv01102 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| JAMES HAVILAND, Warden, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.      Introduction

Petitioner Elliot Gornall filed a *pro se* petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254, challenging the constitutionality of his convictions and sentences in *State v.
Gornall*, Case No. 15-CRI-084,  ECF Doc. 1.  Respondent Warden, James Haviland, filed an
answer/return of writ.  ECF Doc. 6.  And Gornall, through counsel, filed a traverse.  ECF Doc. 9.
Gornall is currently incarcerated at Loraine Correctional Institution.[1]

Because Gornall's claim is noncognizable, I recommend that his claim be DISMISSED
and his petition for writ of habeas corpus be DENIED.

## II.     Procedural History

### A.      State Conviction

On June 12, 2015, an Ashland County grand jury issued an 181 count indictment
charging Gornall with 66 counts of illegal use of a minor in nudity-oriented material or

---

[1] https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A680473 (last visited 12/30/19).

performance in violation of Ohio Rev. Code § 2907.323(A)(1), 6 counts of attempted illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2923.02(A), 55 counts of pandering obscenity involving a minor in violation of Ohio Rev. Code § 2907.321(A)(5), 45 counts of illegal use of a minor in nudity-oriented material or performance in violation of Ohio Rev. Code § 2907.323(A)(3), 2 counts of aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A), 1 count of possession of marijuana in violation of Ohio Rev. Code § 2925.11(A), 5 counts of possession of drugs in violation of Ohio Rev. Code § 2925.11(A), and 1 count of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A).  ECF Doc. 6-1 at 3-33.

Gornall, represented by counsel, pleaded not guilty and filed a motion to suppress all evidence seized from his computers and electronic devices.  ECF Doc. 6-1 at 35.  The state opposed the motion.  ECF Doc. 6-1 at 47.  The court held a suppression hearing and Gornall filed a post-hearing brief.  ECF Doc. 6-1 at 53.  The state filed a supplemental response.  ECF Doc. 6-1 at 64.  The trial court denied Gornall's motion to suppress in a judgment entry dated October 7, 2015.  ECF Doc. 6-1 at 107.

On October 29, 2015, Gornall withdrew his former plea of not guilty and entered a plea of no contest.  ECF Doc. 6-1 at 110.  The court accepted his plea and found him guilty as charged.  ECF Doc. 6-1 at 177.  Prior to sentencing, the parties stipulated to the merger of certain counts for the purpose of sentencing.  ECF Doc. 6-1 at 179-180.  On January 6, 2016, the trial court imposed an aggregate prison sentence of fifty-six years.  ECF Doc. 6-1 at 181-273.  The trial court also adjudicated Gornall a Tier II sex offender.  ECF Doc. 6-1 at 274.

**B.      Direct Appeal**

On February 3, 2016, Gornall, represented by his trial court counsel, appealed to the Ohio

Court of Appeals.  ECF Doc. 6-1 at 276.   Gornall's brief asserted three assignments of error:

> Assignment of Error No. 1:  The judge erred in denying Defendant's Motion to
> Suppress Evidence in derogation of Defendant's rights under the Fourth
> Amendment to the United States Constitution and Article I, Section 14 of the
> Ohio Constitution.
>
> Assignment of Error No. 2:  The record clearly and convincingly demonstrates
> that the trial court's imposition of consecutive sentences is unsupported.
>
> Assignment of Error No. 3:  The trial court erred in imposing a total fine of
> $15,700 on Defendant.

ECF Doc. 6-1 at 374.  The state also filed a brief.  ECF Doc. 6-1 at 493.  On November 2, 2016,

the court of appeals affirmed the judgment of the trial court.  ECF Doc. 6-1 at 525; *State v.*

*Gornall,* 5th Dist. Ashland No. 16-COA-002, 2016-Ohio-7599.

Gornall, through counsel, filed a timely notice of appeal to the Ohio Supreme Court.

ECF Doc. 6-1 at 545.  In his memorandum in support of jurisdiction, Gornall raised the

following proposition of law:

> A general search of a computer, without specificity as to the manner of the search
> and the items to be searched, violates the particularity requirement of the Fourth
> Amendment to the United States Constitution and Article I, Section 14 of the
> Ohio Constitution.

ECF Doc. 6-1 at 548.  On July 26, 2017, the Ohio Supreme Court declined to accept jurisdiction

of the appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4).  ECF Doc. 6-1 at 562.

**III.      Federal Habeas Corpus Petition**

On May 11, 2018, Gornall filed a *pro se* petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Gornall asserts one ground for relief.

> **GROUND ONE:**  Petitioner's rights under the Fourth Amendment to the United
> States Constitution was violated.

**Supporting facts:**  Petitioner was deprived his right to privacy as his Fourth Amendment right of search and seizure was violated by law enforcement when his property was searched and the fruits of an illegal search was a direct and proximate result of criminal charges against petitioner.

ECF Doc. 1 at 5.

**IV.    Law and Analysis**

    **A.    Factual Background**

We begin with a recitation of the facts found in the Ohio courts.  The Ohio Court of

Appeals stated the facts and case as follows:

> {¶ 2}   On November 4, 2014, the Loudonville Police Department was contacted by the U.S. Department of Homeland Security in San Diego, California.  The U.S. Customs and Border Protection facility in San Diego had intercepted a package from overseas containing narcotics.  The package was addressed to appellant, who was employed as a kindergarten teacher by the Loudonville-Perrysville School District. Capt. James Coey of the Loudonville police contacted the U.S. Postal Service to arrange a controlled delivery of the parcel, and obtained an anticipatory search warrant for appellant's residence.

> {¶ 3}   On November 13, 2014, Capt. Coey surveilled the residence along with other detectives while a postal inspector delivered the package.  Appellant retrieved the parcel and took it inside his residence.  Police entered shortly thereafter to conduct the search.  The detectives found marijuana, a marijuana smoking pipe, a firearm, the delivered parcel of narcotics, and another parcel containing narcotics.  In addition to the evidence of drug activity, they found fourteen pairs of little girls' panties and some soiled tissues next to appellant's bed.  Inside a trunk behind his couch, detectives found a copy of a book titled "Show Me," containing graphic images of nude small children.

> {¶ 4}   Appellant told Capt. Coey that he ordered the drugs online from the Philippines, and he had ordered drugs from South Africa and other countries online as well.  He later admitted that he had a sexual fetish for children's panties, and used them to masturbate.  Officers seized appellant's computers and other electronic devices.

> {¶ 5}   Police obtained a second search warrant on November 26, 2014, to search the contents of the seized computers for evidence related to trafficking in drugs and pandering obscenity involving a minor.  Agents of the Bureau of Criminal Identification & Investigation (BCI&I) conducted the search of the hard drive of appellant's computer using forensic software.  Nicholas Jenkins began by

4

searching for evidence of narcotics activity.  The search revealed that pictures were stored in the image files.  While looking through the image files for evidence of drug activity, Jenkins found images and videos of nude children performing sexual acts, and also found videos of small children using the restroom.

{¶ 6}   After the search, the Ohio Supreme Court published its decision in *State v. Castagnola,* 145 Ohio St. 3d 1, 2015-Ohio-1565, 46 N.E.3d 638.  After reviewing the case, the State obtained a third search warrant to insulate the search of the computers in light of that decision.  The third warrant was obtained on June 10, 2015, and yielded the same results as the November 26, 2014 search warrant.

{¶ 7}   Further investigation revealed that appellant had placed a hidden camera in the private restroom of his kindergarten classroom, and surreptitiously videotaped his students using the restroom, exposing their genitalia to the hidden camera.

{¶ 8}   Appellant was indicted with sixty-six counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(1)), six counts of attempted illegal use of a minor in nudity-oriented material or performance (R.C. 2923.02(A), R.C. 2907.323(A)(1)), fifty-five counts of pandering obscenity involving a minor (R.C. 2907.321(A)(5)), forty-five counts of illegal use of a minor in nudity-oriented material or performance (R.C. 2907.323(A)(3)), two counts of aggravated possession of drugs (R.C. 2925.11(A)), possession of marijuana (R.C. 2925.11(A)), and receiving stolen property (R.C. 2913.51(A)).

{¶ 9}   Appellant filed a motion to suppress evidence seized from the search of the computers.  The trial court denied the motion after hearing, finding that evidence of pandering obscenity of minors would have been inevitably discovered during the search for evidence of narcotics activity.  Appellant then pled no contest to all charges and was sentenced to an aggregate prison term of fifty-six years, with an aggregate fine of $15,700.00.

*State v. Gornall,* 5th Dist. Ashland No. 16-COA-002, 2016-Ohio-7599.  These state court factual

findings are presumed correct unless Gornall rebuts them by clear and convincing evidence. 28

U.S.C. § 2254(e)(1); *Moore v. Mitchell,* 708 F.3d 760 (6th Cir. 2013).

## B.    AEDPA Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs

Gornall's petition for writ of habeas corpus.  *Lindh v. Murphy,* 521 U.S. 320, 336 (1997);

*Murphy v. Ohio,* 551 F.3d 485, 493 (6th Cir. 2009).  AEDPA, which amended 28 U.S.C. § 2254,

was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (quoting *(Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000)). AEDPA "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). It therefore "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.*

One of AEDPA's most significant limitations on district courts' authority to grant writs of habeas corpus is found in § 2254(d). That provision forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Habeas courts review the "last *explained* state-court judgment" on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis original). A state court has adjudicated a claim "on the merits," and AEDPA deference applies, regardless of whether the state court provided little or no reasoning at all for its decision. *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

"Clearly established Federal law" for purposes of § 2254(d)(1) "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "only the holdings, as

opposed to the dicta, of [Supreme Court] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702

(2014) (internal quotation marks and citations omitted).  The state court decision need not refer

to relevant Supreme Court cases or even demonstrate an awareness of them; it is sufficient that

the result and reasoning are consistent with Supreme Court precedent.  *Early v. Packer*, 537 U.S.

3, 8 (2002) (per curiam).  And a state court does not act contrary to clearly established law when

the precedent of the Supreme Court is ambiguous or nonexistent.  *See, e.g., Mitchell v. Esparza*,

540 U.S. 12, 17 (2003) (per curiam).

      A state court decision is contrary to "clearly established Federal law" under § 2254(d)(1)

only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on

a question of law or if the state court decides a case differently than [the Supreme] Court has on

a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

And "review under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

      A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2)

only if the court made a "clear factual error."  *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).

The petitioner bears the burden of rebutting the state court's factual findings "by clear and

convincing evidence."  *Burt*, 134 S. Ct. at 15; *see also Rice v. White*, 660 F.3d 242, 250 (6th Cir.

2011).  This requirement mirrors the "presumption of correctness" AEDPA affords state court

factual determinations, which only can be overcome by clear and convincing evidence.  28

U.S.C.  § 2254(e)(1).  The Supreme Court has cautioned, "'a state-court factual determination is

not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance.'"  *Burt*, 134 S. Ct. at 15 (quoting *Wood v. Allen*, 558 U.S. 290,

301 (2010)).

The Supreme Court repeatedly has emphasized that § 2254(d), as amended by AEDPA, is an intentionally demanding standard, affording great deference to state court adjudications of federal claims.  The Court has admonished that a reviewing court may not "treat[] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington*, 562 U.S. at 102; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.").  Rather, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal."  *Harrington*, 562 U.S. at 102-03 (internal quotation marks omitted).  Thus, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*. at 103.  This is a very high standard, which the Court readily acknowledges: "If this standard is difficult to meet, that is because it is meant to be."  *Id*. at 102.

### C.     Fourth Amendment Habeas Claim

Gornall's sole habeas claim is that his rights under the Fourth Amendment were violated. ECF Doc. 1 at 5.  Warden Haviland argues that this claim is not cognizable on habeas review.  I must concur.  In *Stone v. Powell* 428 U.S. 465, 96 S. Ct. 3037, 49 L.Ed.2d 1067 (1976), the United States Supreme Court held that when a state prisoner has already been provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief is not available on a claim that evidence obtained through an unconstitutional search or seizure

should have been excluded from admission at his trial.  *Stone* 428 U.S. at 494.  The court reasoned that the exclusionary rule was a judicially created means of effectuating the rights secured by the Fourth Amendment.  *Stone,* 428 U.S. at 482.  The court further recognized that the primary justification for the exclusionary rule was to deter police conduct that violated Fourth Amendment Rights; it did not establish a personal constitutional right.  *Stone* 428 U.S. at 486.  The Court opined that the granting of habeas review in cases involving the exclusionary rule would contribute little, if anything, to the effectuation of the Fourth Amendment and was outweighed by the substantial societal costs of application of the rule.  *Stone* 428 U.S. at 494. For these reasons, the Court held that habeas review was precluded on Fourth Amendment grounds if the prisoner had already been provided an opportunity for full and fair litigation of that issue in state court.  *Id.*

In *Good v. Berguis,* 729 F.3d 636, 638-639 (2013), the Sixth Circuit Court of Appeals confirmed that Fourth Amendment claims are barred by *Stone*.  In its discussion of the treatment of the issue by other federal circuits, it noted two exceptions to the *Stone* prohibition: "[r]eview of Fourth Amendment claims in habeas petitions [may] be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism… *Id.,* citing, *Capellan v. Riley* 975 F.2d 67, 70 (2d Cir. 1992).

Gornall's Ground One claim arises from the trial court's refusal to suppress evidence allegedly seized in violation of his Fourth Amendment rights.  The trial court conducted a full suppression hearing concerning Gornall's Fourth Amendment violation claims and issued a decision denying his motion to suppress.  ECF Doc. 6-1 at 107.  Gornall appealed the trial

court's decision; the state court of appeals considered his arguments and affirmed the trial court's ruling.  ECF Doc. 6-1 at 525.  The Ohio Supreme Court declined jurisdiction.  ECF Doc. 6-1 at 562.

The Sixth Circuit Court of Appeals has recognized that, in most instances, the mechanism provided by the State of Ohio for the resolution of Fourth Amendment claims is adequate.  *Riley v. Gray*, 674 F.2d 522, 526 (1982).  Here, Gornall was given a full and fair opportunity to litigate his claim of a Fourth Amendment violation in state court.  Consequently, this court is not permitted to re-examine Gornall's Fourth Amendment suppression claim.

In his traverse, Gornall argues that it is time for *Stone* to be reexamined.  He cites the recent decision of the United States Supreme Court in *Carpenter v. United States*, ___U.S.___, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018), for the proposition that courts must modernize their precedents in order to recognize the realities of the digital age.  There are many problems with Gornall's invitation.  For one thing, *Carpenter* is factually distinguishable; the Supreme Court only decided that a warrant was necessary to for the government to obtain cell site location data from a suspect's mobile phone provider.  Even more importantly, *Carpenter* has nothing to do with the issue before us: whether we may even *consider* a habeas claim challenging a state court's ruling on Fourth Amendment suppression motion.  Next, even if we could get to the merits of Gornall's invitation, what he asks is fundamentally at odds with AEDPA.  Under that statute, all we can decide – when a state court rules on the merits of a federal constitutional claim – is whether the state court correctly applied the controlling U.S. Supreme Court precedent.  The statute certainly does not vest this court with the authority to decide that Supreme Court precedent needs a fresh look.  Finally, this court is bound by the precedents of the Sixth Circuit

Court of Appeals.  So, if the Sixth Circuit has ruled that claims challenging state court Fourth Amendment rulings are not cognizable in a habeas case, that ends the matter for us.

As recently as 2013 the Sixth Circuit affirmed *Stone* and, as indicated above, recognized only two exceptions to its application.  *Good,* 729 F.3d at 638-639.  Neither of the recognized exceptions applies here, because Ohio provided a mechanism for examining Gornall's alleged Fourth Amendment violations and Gornall took advantage of it.  Through counsel, Gornall filed a motion to suppress and received a hearing, a written decision and a review on appeal.

The Sixth Circuit affirmed its *Good* decision and the holding of *Stone* as recently as September 2018.  In *Davis v. Burt,* No. 18-1515, 2018 U.S. App. LEXIS 37148 at *4-*5 (6th Cir. Sept. 11, 2018), the Sixth Circuit refused to even allow a habeas petitioner to bring his claim to the court for review:

> In his first claim, Davis argued that law enforcement officials violated his Fourth Amendment rights by searching his car without a warrant. Reasonable jurists would not debate the district court's conclusion that Davis's claim was not cognizable in a federal habeas proceeding. When state courts "provide[] an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 482, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). An opportunity for full and fair consideration "means an available avenue for the prisoner to present his claim to the state courts" and does not depend on the "adequacy of the procedure actually used to resolve that particular claim." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013). Here, Davis raised a Fourth Amendment challenge in a pretrial suppression motion and on direct appeal. See *Davis*, 2015 Mich. App. LEXIS 208, 2015 WL 501928, at *2. This is sufficient to preclude review under *Stone*. See *Good*, 729 F.3d at 640.

The Sixth Circuit saw no need to revisit these decisions.  Nor do I.  *Stone*, *Good* and *Davis* require this court to conclude that Gornall's Ground One claim is noncognizable upon habeas review.

In his *pro se* petition, Gornall asks the court to follow the example of the Ohio Supreme Court in *State v. Castagnola,* 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638.  He argues that the search warrant issues in his case were the same as in Castagnola's and that the evidence obtained from his computer should have been suppressed pursuant to the Ohio Supreme Court's holding in *Castagnola.*  But Gornall's argument relying on Ohio case law only confirms the non-cognizability of his claim.  He raises only a Fourth Amendment claim and primarily relies on state law to support his argument that evidence from his computer should have been suppressed.  "Federal habeas corpus relief does not lie for errors of state law."  *Engle v. Isaac,* 456 U.S. 107, 121 n. 21 (1982).  And, the fact that the Ohio Supreme Court overturned Castagnola's conviction due to a Fourth Amendment violation but denied review to Gornall, suggests that the cases were, in fact, different and that no Fourth Amendment violation occurred in Gornall's case.

Gornall has not cited any violation of Supreme Court precedent resulting from the state court's denial of his motion to suppress.  Notably, the Ohio Court of Appeals cited *State v. Perkins,* 18 Ohio St.3d 193, 196 (1985), which relied on *Nix v. Williams,* 467 U.S. 431 (1984), in support of its conclusion that even if Gornall's Fourth Amendment rights were violated when the warrant to search his computers was issued in July 2015, there was no basis to apply the exclusionary rule because the incriminating evidence that Gornall possessed child pornography would have inevitably been discovered as law enforcement executed a warrant that Gornall concedes was properly issued.  ECF Doc. 6-1 at 530.  Thus, neither the state court of appeals nor the trial court actually resolved Gornall's Fourth Amendment challenge on the merits.  And Gornall has not mounted any meaningful challenge based on an argument that the Ohio courts misapplied the clearly established federal law on the inevitable discovery doctrine.  As a result,

12

even if we could evaluate Gornall's Ground One claim on the merits, that review would result in the conclusion that the claim would fail for lack of merit.

As stated above, this court should decline Gornall's invitation to overturn *Stone* or to significantly broaden the gateway of habeas review.  Gornall's Ground One claim is not cognizable on habeas review and must be DISMISSED.

**V.      Recommendation Regarding Certificate of Appealability**

**A.      Legal Standard**

As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'"  *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)); *accord Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  The statute requires that certificates of appealability specify which issues are appealable.  28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B.  Analysis

Gornall's Ground One claim fails to present any issue cognizable on habeas review. Gornall has not shown any unreasonable applications of federal law or any unreasonable determinations of facts. Habeas relief is not available for the issues identified in Gornall's petition. This would not be not debatable among jurists of reason, and I recommend that no certificate of appealability issue in this case.

### VI.  Conclusion

Because Gornall's Ground One claim raises only a noncognizable issue, I recommend that the Court DISMISS Gornall's claim and DENY his petition under 28 U.S.C. § 2254. I further recommend that he not be granted a certificate of appealability.

Dated: January 14, 2020

Thomas M. Parker
United States Magistrate Judge

14

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).