PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELLIOT GORNALL, | ) |
|     Petitioner, | ) CASE NO. 1:18CV1102 |
| v. | ) JUDGE BENITA Y. PEARSON |
| KIMBERLY CLIPPER,[1] Warden, | ) |
|     Respondent. | ) **MEMORANDUM OF OPINION AND ORDER** |

Petitioner Elliot Gornall filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging one (1) ground for relief which challenges the constitutional sufficiency of his convictions in Ashland County, Ohio Court of Common Pleas Case No. 15-CRI-041. Petitioner was sentenced to an aggregate prison term of 56 years with an aggregate fine of $15,700 on 66 counts of illegal use of a minor in nudity-oriented material or performance, six counts of attempted illegal use of a minor in nudity-oriented material or performance, 55 counts of pandering obscenity involving a minor, 45 counts of illegal use of a minor in nudity-oriented material or performance, two counts of aggravated possession of drugs, possession of marijuana, and receiving stolen property. The case was referred to Magistrate

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A680473) (last visited February 4, 2020)), Petitioner is now confined at the Lorain Correctional Institution. The Warden of that institution, Kimberly Clipper, has been substituted for James Haviland, Warden.

(1:18CV1102)

Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On January 14, 2020, the magistrate judge issued a Report and Recommendation (ECF No. 10). In his Report, the magistrate judge recommends that the Court deny the habeas petition because the sole claim on Fourth Amendment grounds is not cognizable under *Stone v. Powell*, 428 U.S. 465 (1976); *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013); and, *Davis v. Burt*, No. 18-1515, 2018 WL 5821722 (6th Cir. Sept. 11, 2018). ECF No. 10 at PageID #: 715. Assuming *arguendo* this Court could evaluate Petitioner's claim on the merits, the magistrate judge finds that review would result in the conclusion that the claim would fail for lack of merit. ECF No. 10 at PageID #: 717.

    Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on January 31, 2020.[2] Neither party has timely filed objections. Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

    Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Elliot Gornall's Petition for a Writ of Habeas Corpus will be dismissed.

---

    [2] Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).

(1:18CV1102)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Kimberly Kendall, Esq., Patituce & Associates, 16855 Foltz Parkway, Strongsville, Ohio 44149.[3]

IT IS SO ORDERED.

| February 18, 2020 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Attorney Kendall entered her appearance as counsel for Petitioner on November 21, 2019. *See* Notice of Appearance (ECF No. 7). Local Rule 5.1(c) requires that attorneys receive notice of filings electronically.